GUIDRY, Judge.
In this worker’s compensation suit defendant, Louisiana Pacific Corporation (hereafter LP), appeals a judgment of the trial court finding plaintiff, Bertha 0. Brinson, temporarily totally disabled and ordering defendant to pay plaintiff weekly disability benefits from the date of plaintiffs injury for so long as plaintiff continues to be disabled plus legal interest on each weekly payment from its due date until paid. Defendant was given credit for all prior payments but was ordered to pay all unpaid related medical expenses and unpaid travel expenses plaintiff incurred in connection with her medical treatment.
Plaintiff answered defendant’s appeal urging that the trial court erred in denying her prayer for penalties and attorney’s fees.
Defendant admitted that plaintiff injured her back while in the course and scope of her employment with defendant on May 16, 1987. The only .issues on appeal are whether the trial judge erred in finding that the plaintiff was temporarily totally disabled from returning to work at the time of trial, and whether defendant had a sufficient basis on which to terminate the payment of worker’s compensation benefits to plaintiff.
Plaintiff had been employed by Louisiana Pacific Corporation for approximately eight years as a utility worker. Her duties included cleaning the area of the plant to which she was assigned and substituting three times a day (two twenty minute breaks and a thirty minute lunch) for graders on the “dry line”. The former duty required repetitive bending and stooping, while the latter job consisted of pulling four by eight foot sheets of veneer (⅛ to ¾6 inch thick) from a turntable and placing the sheets onto adjacent carts according to grade. Both jobs required plaintiff to be on her feet constantly. On May 16, 1987, Ms. Brinson injured her back while picking up 4 X 4s on which the finished veneer was stacked.
Plaintiff was treated by two doctors: Dr. I.C. Turnley, a general practitioner, and Dr. L. Donovan Perdue, an orthopedic surgeon. Sbe was also examined by Dr. Douglas C. Brown, another orthopedic surgeon. All of the medical experts diagnosed plaintiff’s condition as a lumbar strain. Dr. Turnley found Ms. Brinson totally disabled as late as March 11, 1988. The trial judge, in written reasons for judgment, summarized the findings of Dr. Perdue as follows:
“Dr. Perdue first saw the Plaintiff on July 2, 1987. His initial diagnosis was a lumbar sprain. She was given a series of back exercises to perform and was prescribed an anti-inflammatory medication. The Plaintiff was given permission to return to light duty. The Plaintiff tried unsuccessfully to return a portion of two work days. She again returned to the care of Dr. Perdue who, on July 23, 1987, felt she could not return to work.
On August 3, 1987, Dr. Perdue suggested that the Plaintiff try light duty again, but two days later she had returned to his office with increased pain. He gave her a release for light duty for five days in advance assuming she would improve and light duty was available.[1] On August 20, 1987, she returned to Dr. Per-due, who again found her disabled to return to work. Dr. Perdue only saw the Plaintiff one additional time. That was on April 25, 1988, at which time her condition was unchanged.”
Following Dr. Perdue’s release of plaintiff to light duty, as of August 10, 1987, benefits were terminated.
Dr. Brown examined Ms. Brinson on two occasions, November 13, 1987 and April 28, 1988. The only objective sign of any possible injury he could find was a narrowing of the L5 disc space. He considered this to be *291 a normal condition in most people. His overall impression of the patient was that she had a lumbar strain which had not completely resolved but that she could probably return to her job but would not be able to perform at 100% and would require some rest during an eight hour work day.
Ms. Brinson, her mother and her sister testified that since the accident, plaintiff had been in constant pain, which is exacerbated by the slightest physical activity. All testified that plaintiffs condition had become more severe since the accident which prevented her from performing even menial household tasks.
The evidence supporting the trial court’s finding of temporary total disability at the time of trial is not too persuasive. However, this determination is essentially a factual conclusion which should not be disturbed on appellate review absent clear error. Hayes v. State, Through Department of Transportation and Development, 467 So.2d 604 (La.App. 3rd Cir.1985); writ denied, 475 So.2d 354 (La.1985). See also Guidry v. Boh Brothers Construction Company, Inc., 545 So.2d 538 (La.App. 5th Cir.1989).
Although not overwhelming, the record evidence is such as to preclude our finding clear error in the trial court’s determination that Ms. Brinson was temporarily totally disabled as of the date of trial.
In supplemental brief to this court, LP suggests that the only appropriate award in this case is one for supplemental earnings benefits, pursuant to the provisions of R.S. 23:1221(3). LP suggests that because Dr. Perdue released plaintiff to light duty on two occasions, which light duty employment was tendered and offered by LP, she is entitled, at best, to supplemental earnings benefits. A finding of temporary total disability, pursuant to R.S. 23:1221(1) (the inability of an employee to engage in any self-employment or gainful occupation for wages), necessarily precludes application of the SEB provisions of Title 23. In the instant case, the trial judge found that plaintiff was physically unable to perform the light duty offered her by LP, and she was, at the time of trial, temporarily totally disabled. We are unable to find clear error in this conclusion.
A worker’s compensation claimant is only entitled to penalties if the employer did not have sufficient factual and medical information to reasonably counter the claimant’s factual and medical information and to attorney’s fees if the employer’s actions are arbitrary, capricious and without probable cause. Chelette v. American Guaranty and Liability Insurance, Inc., 480 So.2d 363 (La.App. 3rd Cir.1985). We find no error by the trial judge on this issue.
For the reasons assigned, the judgment of the trial court is affirmed at defendant-appellant’s cost.
AFFIRMED.
CHARLES WILLIAM ROBERTS, J. Pro Tern., concurs, with written reasons.

. Plaintiff did not attempt a return to work pursuant to Dr. Perdue’s suggestion that she again attempt light duty as of August 10, 1987, because of alleged continued disabling pain.